LOTTINGER, Judge.
This is a compensation proceeding wherein the plaintiff seeks the sum of $2,500 for loss of physical function and $400 for medical expenses. Joined as defendants are his employer and the latter’s compensation insurer. The petition sets forth that the plaintiff, while acting within the course and scope of his employment as a painter, struck his right jaw against a steel beam breaking two teeth in the lower right hand side of his jaw and that as a consequence they had to be extracted. He also alleged that after the extraction of these two teeth he was left with no teeth in the lower right hand side of his jaw. In addition, it was averred that as a result of the accident he had lost approximately 75% of the feeling in his lower right jaw and practically all of the feeling in his lower lips.
The defendant’s answer admitted the plaintiff’s employment as a painter on the date of the alleged accident and that it had made no compensation payments, but denied all other material allegations of the petition. The matter is now before us on an appeal taken by the plaintiff from a judgment of the court below which rejected his demands.
While the appellees contend that the employer’s business is not hazardous within the meaning of the compensation statute and that the plaintiff has failed to prove the occurrence of the alleged accident, we deem it unnecessary to pass upon those two points for we feel that the record fails to show, with that degree of certainty required by law, that the accident, if any, was the cause of the loss of the teeth.
We are impressed, first of all, with the testimony of Dr. James L. Coffee, dentist who was called by the plaintiff himself. He first examined the plaintiff on November 23, 1953 (13 days after the alleged accident) and found a swelling and puffiness in the lower right jaw. After making an incision in the swollen area he found an abscess which he relieved by drainage. It is significant that his examination of the plaintiff’s mouth revealed poor mouth hygiene and pyorrhea and large cavities in the two teeth which were subsequently extracted. In answer to a question regarding the effect of pyorrhea on an individual’s teeth, the doctor stated:
“A. Well it will produce — well, actually pyorrhea is an absorption of the bone around the teeth, and produces looseness of the teeth.
******
“Q. Are loose teeth particularly subject to abscesses? A. Yes, sir.
******
“Q. Now, was the pyorrhea in Mr. Wheat’s mouth general or localized? A. Pretty general.
“Q. Could you tell, doctor, whether or not the pyorrhea was of long standing or not? A. Well, I would say, yes.”
In addition to the above this dentist stated that it was entirely possible for the cavities in plaintiff’s teeth to have been the initial cause of his condition. Important also is the following:
“Q. Now, other than Mr. Wheat’s statement to you that he had received a blow in the right side of his jaw, you have no reason to believe that this condition was caused by trauma as distinguished from the condition which might have been the natural result of the poor care that Mr. Wheat had given his mouth, is that correct? A. That’s correct.”
The record is barren of any testimony tending to show that trauma aggravated the pre-existing poor condition of the plaintiff’s mouth. Dr. Coffee did not find that the teeth were broken as originally alleged. No other expert witnesses were called by the plaintiff and the testimony of Dr. Coffee strikes us as being more favorable to the defendants than to the plaintiff.
Our attention has been called to numerous inconsistencies in the plaintiff’s testimony and of one of his fellow employees who testified on his behalf. While the record does reflect that' the plaintiff contradicted himself on numerous occasions, we prefer not to rest the case on his credibility alone, but *51 rather on the basis that, as pointed out before, we do not believe that he has proven by a preponderance of the evidence, that the teeth now lost are a result of an accident. Whatever may have been the conclusion of the trial judge, there is certainly nothing in the record which would show manifest error on his part.
It is unnecessary to discuss the loss of feeling in the jaw and lips because the plaintiff, by supplemental petition filed after judgment, abandoned any claim arising therefrom.
Finding no manifest error in the judgment appealed from the same is hereby affirmed.
Judgment affirmed.